Joy PHILLIPS, Appellant,

v.

DALLAS COUNTY CHILD PROTECTIVE SERVICES UNIT, Appellee.

No. 05–06–00147–CV.

Court of Appeals of Texas, Dallas.

July 20, 2006.

Rehearing Overruled Aug. 25, 2006.

Frank Elder III, Longview, for Appellant.

Michael D. Munden, Lori L. Ordiway, Asst. Dist. Atty. for Dallas County, Dallas, for Appellee.

Before Justices WRIGHT, MOSELEY, and LANG.

## OPINION

Opinion by Justice WRIGHT.

Joy Phillips appeals the trial court's order denying her bill of review challenging a default judgment terminating her parental rights. In three issues, appellant contends (1) the trial court did not have personal jurisdiction over her because she was not properly served with process; (2) due

to the defective service of process, appellant is not required to show a meritorious defense or lack of fault on her part to obtain a new trial; and (3) the trial court erred by failing to appoint an attorney to represent appellant. We affirm the trial court's order.

### Factual and Procedural Background

On February 23, 2004, Dallas County Child Protective Service (CPS) filed a petition to terminate appellant's parental rights. At the time, appellant was an inpatient at Terrell State Hospital. On March 3, 2004, a copy of the petition was forwarded to the hospital. The return portion of the citation is stamped "unexecuted" and states it was delivered to "Joy Nwokorie." Thereafter, on March 9, 2004, a second copy of the petition was forwarded to Terrell State Hospital. The return portion of the citation does not have a date file mark and shows it was received by the Chief Financial Officer for the hospital. The return does not indicate the CFO is an authorized agent for the hospital.

On March 19, 2004, after determining appellant was indigent, the trial court "pursuant to the Texas Family Code" appointed an "attorney ad litem" to "represent" appellant. On March 26, 2004, trial counsel filed an answer generally denying the allegations in the petition for termination. The same day, the trial court set a "Pretrial/Status" hearing for May 21, 2004. On April 15, 2004, the trial court signed a "Substitute Order of Appointment" appointing the aforementioned attorney ad litem as guardian ad litem. The order stated that pursuant to the Texas Family Code and because appellant was indigent, the trial court was appointing a "guardian ad litem" for appellant.

At the May 21, 2004 hearing, the trial judge stated it was her "understanding . . . that [appellant] has not stayed in contact with [trial counsel]. That she is scheduled to be released from Terrell.[1] And, at this point, there has not been any type of answer filed in this matter and [appellant has] not responded. The Court is prepared to dismiss [trial counsel] as the guardian in this matter."[2] Trial counsel then added that she had contacted appellant's caseworker at the hospital "numerous" times and had scheduled visits that appellant cancelled. Trial counsel also contacted appellant directly several times, but she would not speak with counsel and would not consent to a visit. Consequently, trial counsel stated she had no objection to withdrawing. The trial court then "dismiss[ed trial counsel] as [appellant's] guardian." Without appointing a replacement, the trial court proceeded with a brief evidentiary hearing on the allegations in the petition for termination, and later entered a default judgment terminating appellant's parental rights.

Several months later, appellant filed a petition for bill of review challenging the default judgment. Appellant alleged she was not served with process as required by law and that the trial court erred in allowing appellant's attorney to withdraw. In her affidavit in support of her bill of review, appellant explained that CPS became involved with her family after she was arrested and taken to jail. While she was incarcerated she was found to be mentally incompetent and was committed to Terrell State Hospital. She was released on May 7, 2004. She was homeless and stayed at boarding houses and shelters for the next few weeks. She was arrested again on

---

1. Appellant states in her bill of review that she was released from Terrell on May 7, 2004, before the May 21, 2004 hearing.

2. The trial judge mistakenly stated that an answer had not been filed. Soon after her appointment as attorney ad litem, appellant's trial counsel filed an answer on her behalf.

October 26, 2004 and was again committed to Terrell State Hospital. During her second hospitalization, she learned of the judgment terminating her parental rights. According to appellant, she was continually mentally ill from November 20, 2003 until December 2004. She did not appear at the final hearing due to "a lack of knowledge of the date of the hearing, her fear of the judicial system, and a lack of understanding." In response, CPS filed a motion to dismiss claiming the trial court should dismiss appellant's bill of review because appellant "failed to state a cause of action and a claim on which relief can be granted." In the motion, CPS maintained appellant was properly served and that the trial court never appointed an attorney ad litem but appointed trial counsel as a guardian ad litem due to appellant's mental status. Thereafter, appellant filed a motion for summary judgment claiming she was entitled to judgment as a matter of law. Following a hearing, the trial court signed a document entitled "Order denying Bill of Review" stating that following a hearing and submission of briefs, the trial court granted CPS's motion to dismiss. This appeal followed.

## Discussion

In her first issue, appellant contends we must reverse the order denying her bill of review because she was not properly served.

■ The trial court can acquire personal jurisdiction over both parties with one party's service of citation on the other. *Rose v. Rose*, 117 S.W.3d 84, 87 (Tex.App.-Waco 2003, no pet.). If service of process is defective, the trial court fails to acquire jurisdiction over the person served. *North Carolina Mut. Life Ins. Co. v. Whitworth*, 124 S.W.3d 714, 722 (Tex.App.-Austin 2003, pet. denied). However, filing an answer constitutes a general appearance, thereby dispensing with the need for the issuance

and service of citation. TEX.R. CIV. P. 121; *Burrow v. Arce*, 997 S.W.2d 229, 246 (Tex. 1999). Thus, filing an answer waives any complaints about service. *See In re $475,001.16*, 96 S.W.3d 625, 628–29 (Tex. App.-Houston [1st Dist.] 2002, no pet.) (attorney ad litem filed an answer on the party's behalf, waiving right to challenge any defects in service).

■ Here, the trial court appointed an attorney ad litem to represent appellant on March 19, 2004. A week later, trial counsel filed an answer generally denying the allegations in the petition for termination. Thus, assuming without deciding that service was defective, the filing of an answer by appellant's attorney ad litem waives any complaints about defective service. *See In re $475,001.16*, 96 S.W.3d at 628–29.

■ The initial order of appointment indicates counsel was appointed as an "attorney ad litem" to "represent" appellant. The attorney, acting under the authority of that order, filed an answer as the "attorney for respondent." Thereafter, in its "substitute" order of appointment, the trial court appointed the same attorney as guardian ad litem for appellant. Nothing in the record shows the answer was withdrawn. Rather, the record shows the trial court mistakenly stated that no answer had been filed and neither the guardian ad litem or CPS corrected this misunderstanding. We conclude the answer was filed by trial counsel in her role as an attorney ad litem appointed to represent appellant in this litigation and not in her role as a guardian ad litem. Thus, we overrule appellant's first issue.

In her third issue, appellant claims the trial court erred by failing to appoint an attorney to represent appellant. We disagree. The trial court appointed an attorney ad litem for appellant. Moreover, appellant does not cite any authority supporting this proposition. Appellant's cita-

tion to Tex.R. Civ. P. 173 is not on point because rule 173 concerns the appointment of guardian ad litems.

■ To the extent appellant complains about the withdrawal of the guardian ad litem, we will address the issue. The trial court proceeded with the termination hearing after allowing the guardian ad litem to withdraw. At the time of trial, rule 173 of the Texas Rules of Civil Procedure provided that "when a ... non-compos mentis may be a defendant to a suit and has no guardian within this State ... the court shall appoint a guardian ad litem for such person." *See* Tex.R. Civ. P. 173 (amended by order January 27, 2005). Here, appellant had been declared incompetent and involuntarily committed to Terrell State Hospital. The trial court was aware appellant was an in-patient in a mental hospital and had appointed such a guardian. Nevertheless, the trial court allowed the guardian ad litem to withdraw on the day of the termination hearing and did not appoint a replacement. At the hearing, the trial court had no evidence that appellant was then competent and in fact, the record indicates the trial court was under the impression that appellant had not yet been released as an in-patient at Terrell State Hospital. Under these circumstances, we conclude the trial court erred by dismissing the guardian before the hearing.[3] The trial court's error in allowing the guardian ad litem to withdraw, however, does not relieve appellant of her burden under a bill of review proceeding.

■ We now determine if appellant has established the required elements for a bill of review. A bill of review is an independent equitable action brought by a party to a former action seeking to set aside a judgment, which is no longer appealable or subject to a motion for a new trial. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex.1979). Because the burden on the bill of review petitioner is heavy, the grounds are narrow and restricted upon which a bill of review is granted. *Transworld Fin. Servs. Corp. v. Briscoe*, 722 S.W.2d 407, 407 (Tex.1987). To invoke the equitable powers of the court, the petitioner asking for a bill of review must allege and present prima facie proof (1) that she has a meritorious claim or defense, (2) that she was prevented from asserting by fraud, accident, or wrongful act of the opposite party or official mistake, and (3) without any fault or negligence of her own. *In re T.R.R.*, 986 S.W.2d 31, 35 (Tex.App.-Corpus Christi 1998, no pet.); *Alexander v. Hagedorn*, 148 Tex. 565, 226 S.W.2d 996, 998 (1950). To uphold the burden on the bill of review, the court requires the petitioner to outline and prove all of the requirements. *See Alexander*, 226 S.W.2d at 998. Accordingly, a person who seeks to set aside a judgment by a bill of review must strictly comply with the rules providing for such relief. *Falsetti v. Lowman*, 405 S.W.2d 796, 799 (Tex.Civ.App.-Eastland 1966, writ ref'd n.r.e.).

In her bill of review and affidavit, appellant asserted that the trial court erred by allowing her attorney ad litem to withdraw and then proceeding with the hearing without an attorney representing appellant. Appellant also explained her failure to assert the defense was not due to her own fault or negligence but rather because of her mental illness. Assuming this testimony constitutes both a meritorious defense and an explanation that failure to raise it was not due to her own fault or negligence, appellant still must meet the second requirement for a bill of review. Appellant failed to establish that she was prevented from asserting her defense be-

---

3. We note that the comment to rule 173 indicates that a guardian ad litem has a very limited role and does not participate in the conduct of the litigation.

cause of some fraud, accident, or wrongful act of CPS.[4]

■ We recognize that exceptions have been created that relieve the applicant of the necessity of proving the second requirement where the applicant has been misled by a court officer, where a court officer failed to send notice of the default judgment, or where there was a failure to serve citation, but none of these exceptions apply to these facts. *Briscoe v. Transworld Fin. Servs. Corp.*, 705 S.W.2d 288, 291 (Tex.App.-San Antonio 1986), *rev'd on other grounds*, 722 S.W.2d 407 (1987). Although appellant asserts that she did not receive notice of the final judgment terminating her parental rights, Texas Family Code section 161.209 states "A copy of an order of termination rendered under Section 161.206 is not required to be mailed to the parties as provided by Rules 119a and 239a, Texas Rules of Civil Procedure." Tex. Fam.Code Ann. § 161.209 (Vernon 2002). As such, the court clerk did not fail to perform any official duty under the rules of civil procedure allowing appellant to escape the second element of a bill of review.

Because appellant failed to sustain all of the bill of review requirements, we overrule appellant's third issue and affirm the trial court's order denying her bill of review.

---

4. Since appellant argued that she was not properly served, she relied on case law holding that she was not required to establish the first and second elements of a bill of review. *See Caldwell v. Barnes*, 154 S.W.3d 93, 96–97 (Tex.2004). However, we have determined that appellant has waived any defect in service because an answer was filed by her attorney ad litem; therefore, she must prove all three elements to succeed on her claim. As such, we overrule appellant's second issue.