TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-09-00190-CV






Pauline Gamez, Appellant


v.


Texas Department of Family and Protective Services, Appellee






FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT

NO. B-07-0193-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING






M E M O R A N D U M O P I N I O N 



 In this accelerated appeal, Pauline Gamez appeals the district court's order
terminating her parental rights to her biological child, M.M.G., following a trial to the court. See
Tex. Fam. Code Ann. § 161.001 (West Supp. 2009). In nine points of error, Gamez challenges the
service of citation upon her, contends the evidence was legally and factually insufficient to support
the district court's five predicate grounds for termination of her parental rights, and urges the district
court erred by admitting a family service plan without proper authentication. For the reasons that
follow, we affirm the district court's order terminating her parental rights. (1) 




BACKGROUND


 From March to June 2007, the Texas Department of Family and Protective Services
investigated allegations of domestic violence between Pauline and Michael Gamez and neglectful
supervision of M.M.G. and another child. (2) The Department closed its investigation in June due to
the family moving to California. The investigation was given a disposition of "Reason to Believe
for Physical Abuse" and "Neglectful Supervision" with the Department verifying a history of
domestic violence to which M.M.G. was exposed. 

 The Department renewed its investigation after it received a report on July 20, 2007,
that Gamez had arrived unannounced at the home of Angelita and Carlos Gamez, M.M.G.'s paternal
grandparents, in San Angelo. (3) A caseworker for the Department visited with Gamez, Angelita,
Carlos, and M.M.G. on July 24, 2007, at their home. Angelita told the caseworker that she believed
that Michael was living in a hotel in Dallas and she expressed safety concerns for Gamez and
M.M.G. if they reunited with Michael based upon his past violent behavior. She stated that Gamez
and Michael had moved "multiple times" and engaged in physical fights over the past two years
and that her son had "beaten" Gamez up in the past. After the Department was notified on
August 8, 2007, that Gamez was at the bus station and had purchased bus tickets for herself and
M.M.G. to return to Dallas to be with Michael, the Department filed its original petition for
protection of a child in an emergency, for conservatorship, and for termination in suit affecting the
parent-child relationship with a supporting affidavit from the investigating caseworker. 

 The district court granted the emergency order to remove M.M.G. and named the
Department the temporary sole managing conservator of M.M.G. The caseworker removed M.M.G.
from Gamez at the bus station and asked Gamez to provide an address or contact information as soon
as she had one in Dallas. Gamez went to Dallas, but she failed to provide contact information to the
caseworker. The Department placed M.M.G. with Angelita and Carlos and, shortly thereafter,
obtained an order for substituted service and served Gamez by publication in August 2007 in Tom
Green County. The Department obtained an additional order for substituted service and served
Gamez by publication in Dallas County in November 2007. 

 The Department did not personally serve Gamez, and she did not attend any hearing
in this case. (4) The district court appointed separate attorneys ad litem to represent Michael and
Gamez in February 2008. Gamez's attorney filed an answer in March 2008, entering a general denial
of the Department's allegations. Her attorney appeared at all hearings after being appointed,
including the trial on the merits in February 2009. At the trial, the attorney announced "ready." 

 Angelita Gamez and Laura Owens, a caseworker for the Department, testified at the
trial, and the district court took judicial notice of the content of its file on the case. Angelita testified
that she and her husband planned to adopt M.M.G. if the parents' rights were terminated and that she
knew of no other relatives who were interested in caring for M.M.G. She testified concerning
M.M.G.'s care and well-being both before and after M.M.G.'s removal from her parents and to the
parents' history of domestic violence. She testified that her home and telephone number had stayed
the same and that her son had called eight or nine times during the pendency of the case to check on
M.M.G., but that he had not spoken to M.M.G. or had any other contact with M.M.G. or with her. 
She testified that she spoke with Gamez once during the pendency of the case and that Gamez told
her that she was looking for Michael and staying in a homeless shelter. Except for an address and
telephone number in Lubbock that Michael gave to her in May 2008, Angelita testified that she did
not have an address or contact information for her son or Gamez. 

 Owens, who was assigned to the case beginning in May 2008, testified concerning
the Department's recommendation that the parents' rights be terminated so that Angelita and Carlos
could adopt M.M.G. Owens testified to the Department's efforts to locate the parents, including
obtaining the address for them in Lubbock in May or early June 2008. She testified that she spoke
with Michael by telephone once in July and once in August 2008 but that she did not speak with
Gamez at any time. When she spoke to Michael, he told her that he and Gamez were living in an
apartment in Lubbock and that Gamez was working at a Big Lots store. Owens arranged for a
courtesy caseworker in Lubbock. The caseworker mailed Gamez and Michael information of service
providers in the Lubbock area and attempted to contact them at their apartment, but the caseworker's
efforts were unsuccessful. The caseworker discovered in October 2008 that Gamez and Michael had
moved from the apartment without leaving a forwarding address. From October 2008 forward, their
whereabouts have remained unknown. 

 The court file included the Department's family service plan allegedly signed by
Michael and Gamez in October 2007. The plan set forth court-ordered tasks and services for the
parents to undertake and complete. The file also included the periodic permanency and progress
reports filed by the Department. The Department's reports show that Gamez and Michael submitted
to a random drug test, but that they did not otherwise comply with the Department's family service
plan or have any contact with M.M.G. after August 2007. 

 At the conclusion of the trial, the district court found in the Department's favor and
ordered the parents' rights terminated. Gamez filed a motion for new trial, statement of points on
appeal, and notice of appeal. The district court thereafter conducted a section 263.405(d) hearing. 
See Tex. Fam. Code Ann. § 263.405(d) (West 2008). The district court denied Gamez's motion for
new trial, but found her indigent, her appeal not frivolous, and appointed her new counsel for her
appeal. This appeal followed. 


ANALYSIS


 To terminate parental rights, the Department has the burden to prove one of the
predicate grounds in section 161.001(1) of the family code and that termination was in the best
interest of the child. See Tex. Fam. Code Ann. § 161.001(1), (2); In re A.V., 113 S.W.3d 355, 362
(Tex. 2003). The district court found five predicate grounds supporting termination. See Tex. Fam.
Code Ann. §  161.001(1) (D), (E), (F), (N), (O). In her points of error, Gamez does not challenge
the district court's finding that termination was in M.M.G.'s best interest, but she urges that the
evidence was legally and factually insufficient to support each of the five predicate grounds found
by the district court. See id. Gamez also contends that the Department's service of citation
was defective and that the district court erred in admitting the family service plan that she
allegedly signed. 


Standard of Review


 The standard of proof to terminate parental rights is the clear and convincing standard.
Tex. Fam. Code Ann. § 161.206(a) (West 2008); see In re J.F.C., 96 S.W.3d 256, 263 (Tex. 2002)
(due process requires clear and convincing standard of proof in parent termination cases). The clear
and convincing standard is "'that measure or degree of proof which will produce in the mind of the
trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" 
In re C.H., 89 S.W.3d 17, 23 (Tex. 2002) (quoting State v. Addington, 588 S.W.2d 569, 570
(Tex. 1979)).

 In reviewing the legal sufficiency of the evidence to support a termination finding,
"a court should look at all the evidence in the light most favorable to the finding to determine
whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was
true." In re J.F.C., 96 S.W.3d at 266. In reviewing the factual sufficiency of the evidence to support
a termination finding, a court "must give due consideration to evidence that the factfinder could
reasonably have found to be clear and convincing." Id. (citing In re C.H., 89 S.W.3d at 25); see also 
In re H.R.M., 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency standard of review in appeals
from termination orders discussed). 

 We review a trial court's decision to admit or exclude evidence for an abuse of
discretion. See In re J.P.B., 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion
when it acts without regard to any guiding rules or principles. Downer v. Aquamarine Operators,
Inc., 701 S.W.2d 238, 241-42 (Tex. 1985). 


Service of Citation


 In her first, second, and third points of error, Gamez challenges the Department's
service of citation. She contends that: (i) the evidence was legally and factually insufficient to
support the district court's finding that the Department exercised sufficient diligence in attempting
to ascertain Gamez's whereabouts pursuant to Texas Rule of Civil Procedure 109, (ii) the district
court erred by finding that Gamez was properly served with citation and that the district court had
jurisdiction over her to terminate her parental rights, and (iii) the district court erred by granting
judgment against her without proper service of citation as required under Texas Rule of Civil
Procedure 124. See Tex. R. Civ. P. 109 (procedure for citation by publication), (5) 124 (judgment shall
not be rendered against a defendant unless there has been service, acceptance or waiver of process,
or an appearance by the defendant); see also Tex. Fam. Code Ann. § 161.107(b) (West 2008) (when
parent has not been personally served in suit seeking to terminate, "department must make a
diligent effort to locate that parent"). Gamez's primary complaint is that the Department had her
apartment address in Lubbock from June to October 2008 but did not attempt to personally serve her
at that time. 

 The Department obtained two court orders authorizing substituted service and served
Gamez with citation by publication in Tom Green County in August 2007 and in Dallas County in
November 2007. See Tex. R. Civ. P. 109; see also Tex. Fam. Code Ann. § 102.010 (West 2008)
(authorizing citation by publication in suits affecting parent-child relationships as in other civil
cases). The Department supported its motion for substituted service by an affidavit dated
August 9, 2007, from the Department's caseworker at the time. The caseworker averred:


 At the time I removed the child from her possession, Ms. Gamez indicated to me that
she was getting on the bus and would be returning to her husband Michael Gamez
today, but she could not or would not give any locating information for herself or her
husband when she arrived in Dallas. I requested that she call and provide me with
locating information when she does get to Dallas. She stated that once she arrived
and checked into a hotel in Dallas, she would call me with the locate [sic] and contact
information. However, at the time of the writing of this Affidavit, the Department
has had no further contact with Pauline Gamez.


 The Department believes that Pauline Gamez may be living somewhere in Dallas,
Texas, or is a transient at this time, and her exact whereabouts are unknown. The
Department will continue its efforts to locate Pauline Gamez for personal service of
citation, but until she is located, substituted citation by publication through posting
will be required.



In the Department's report filed in January 2008, the Department stated that Gamez's location
remained unknown despite its efforts to locate her. The Department stated that it had attempted to
contact Gamez's mother in California but there was never an answer and that Michael had not
provided any information relevant to locate Gamez. 

 The district court appointed an attorney ad litem for Gamez in February 2008 pursuant
to section 107.013 of the family code. See Tex. Fam. Code Ann. § 107.013 (West Supp. 2009)
(district court shall appoint attorney ad litem for parents served with citation by publication). The
attorney ad litem filed an answer in March 2008, generally denying the Department's allegations in
the petition for termination. In the Department's reports filed with the district court after the attorney
ad litem filed the answer, the Department states that all parties have been served. 

 The Department contends that Gamez waived any complaint that service was
defective when her attorney ad litem filed an answer. See Tex. R. Civ. P. 121. Rule 121 provides
that "[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity
for the issuance or service upon him." See id.; In re B.P., No. 04-07-00695-CV, 2008 Tex. App.
LEXIS 2295, at *2-5 (Tex. App.--San Antonio April 2, 2008, no pet.) (mem. op.) (attorney ad litem
appointed by the court to represent appellant, "whose whereabouts have always been unknown,"
waived any complaint that requirements of Texas Rule of Civil Procedure 109 were not satisfied
when the attorney filed an answer generally denying the allegations in the petition for termination;
appellant served by substituted service by posting); Phillips v. Dallas County Child Protective Servs.
Unit, 197 S.W.3d 862, 865 (Tex. App.--Dallas 2006, pet. denied) (attorney ad litem appointed by
court to represent appellant waived any complaints about defective service by filing answer generally
denying the allegations in the petition for termination). 

 Although it is not clear from the record the extent of contact between Gamez and her
appointed attorney, Gamez's attorney attended each hearing after her appointment and prior to the
trial without raising complaint as to service on her client. (6) At trial, she announced "ready." The
attorney first raised any complaint about service in Gamez's motion for new trial. On this record,
we conclude that Gamez waived her complaints about service. See In Re B.P., 2008 Tex. App.
LEXIS 2295, at *2-5; Phillips, 197 S.W.3d at 865. 

 Moreover, even if Gamez preserved her complaints about service, the Department
presented an affidavit in accordance with rule 109 of the rules of civil procedure with its motions
for substituted service that was not controverted by Gamez. See Tex. R. Civ. P. 109. The
caseworker assigned to the case averred to the Department's efforts to locate Gamez before seeking
the orders for substituted service. At trial, Owens testified concerning the Department's efforts to
locate Gamez. Angelita also testified that the only contact information her son provided to her was
in May 2008 and that Gamez did not provide her any contact information. As to the period of time
in 2008 that the Department had an address for Gamez in Lubbock, Gamez's attorney had already
filed an answer generally denying the Department's allegations. (7) See Tex. R. Civ. P. 121. We
overrule Gamez's first, second, and third points of error. 

Grounds for Termination


 In her fourth, fifth, sixth, seventh, and ninth points of error, Gamez does not challenge
the district court's finding that termination was in the best interest of M.M.G.; she challenges the
factual and legal sufficiency of the evidence to support the five predicate grounds found by the
district court under section 161.001(1) to support termination. See Tex. Fam. Code Ann.
§ 161.001(1)(D), (E), (F), (N), (O); In re J.F.C., 96 S.W.3d at 266. 

 In its written order terminating Gamez's parental rights, the district court found by
clear and convincing evidence:

 


 Pauline Surita Gamez knowingly placed or knowingly allowed the child,
M.M.G., to remain in conditions or surroundings which endangered the
physical or emotional well-being of the child, M.M.G., within the meaning
of § 161.001(1)(D), Texas Family Code.

 Pauline Surita Gamez engaged in conduct or knowingly placed the child,
M.M.G., with persons who engaged in conduct which endangered the
physical or emotional well-being of the child, M.M.G., within the meaning
of § 161.001(1)(E), Texas Family Code.

 Pauline Surita Gamez failed to support M.M.G. in accordance with the
parent's ability during a period of one year ending within six months of the
date of the filing of the petition, within the meaning of § 161.001(1)(F),
Texas Family Code.

 Pauline Surita Gamez constructively abandoned M.M.G. who has been in the
temporary managing conservatorship of the Department for not less than six
months and: (1) the Department has made reasonable efforts to return
M.M.G. to Pauline Surita Gamez; (2) Pauline Surita Gamez has not regularly
visited or maintained significant contact with M.M.G.; and (3) Pauline Surita
Gamez has demonstrated an inability to provide M.M.G. with a safe
environment, within the meaning of § 161.001(1)(N), Texas Family Code.

 Pauline Surita Gamez failed to comply with the provisions of a court order
that specifically established the actions necessary for Pauline Surita Gamez
to obtain the return of the child, M.M.G., who has been in the temporary
managing conservatorship of the Department for not less than nine months
as a result of M.M.G.'s removal from Pauline Surita Gamez under
Chapter 262, Texas Family Code, for the abuse or neglect of M.M.G., within
the meaning of § 161.001(1)(O), Texas Family Code.




See Tex. Fam. Code Ann. § 161.001(1)(D), (E), (F), (N), (O). When multiple predicate grounds for
termination are alleged under section 161.001(1), only one ground is necessary to support the
judgment when there is also a finding that termination is in the child's best interest. See In re A.V.,
113 S.W.3d at 362. Because Gamez does not challenge the best interest finding by the district court,
we must affirm the order of termination if the evidence was sufficient to support any one of the
grounds found by the district court. See id.

 The Department also contends that Gamez did not preserve her seventh or ninth
points of error that challenge the predicate grounds found by the district court based upon
subsections (N) and (O) of section 161.001(1) because Gamez failed to raise these challenges in her
statement of points on appeal in accordance with section 263.405 of the family code. See Tex. Fam.
Code Ann. § 263.405. 

 Section 263.405 sets forth the steps a party must take to appeal a final order
terminating parental rights. See id. A party must file with the trial court, no later than 15 days after
the order is signed, a motion for new trial or, if an appeal is sought, a statement of the points on
which the party intends to appeal. See id § 263.405(b). Pursuant to section 263.405(i), this Court
"may not consider any issue that was not specifically presented to the trial court in a timely filed
statement of the points on which the party intends to appeal or in a statement combined with a
motion for new trial." See id. § 263.405(i); Camarillo v. Texas Dep't of Family & Protective Servs.,
No. 03-07-00314-CV, 2008 Tex. App. LEXIS 1131, at *1-2 (Tex. App.--Austin Feb. 15, 2008, pet.
denied) (mem. op.) (held that appellate court precluded from considering issues on appeal even
though timely filed statement of points on appeal because appellant did not raise issues in statement
of points on appeal to the trial court). 

 Gamez filed a statement of points on appeal with the district court, but she did not
challenge the district court's findings based upon subsections (N) and (O) of section 161.001(1) in
her statement of points on appeal. (8) Because Gamez failed to follow the procedure set forth in section
263.405 as to her seventh and ninth points of error that challenge the evidence to support the district
court's findings on these two grounds, we may not consider these two points of error on appeal. 
See Tex. Fam. Code Ann. § 263.405. The unchallenged findings are sufficient to support the district
court's order terminating Gamez's parental rights. See In re A.V., 113 S.W.3d at 362; see also
Toliver v. Texas Dep't of Family & Protective Servs., 217 S.W.3d 85, 102 (Tex. App.--Houston [1st
Dist.] 2006, no pet.) (parent challenged only one of four statutory grounds found by trial court to
support termination "and thus he waives any complaint about the sufficiency of the evidence to
support these findings"). We need not address her remaining points of error then concerning the
other predicate grounds for termination found by the district court. 

 Moreover, even if Gamez had satisfied the requirements of section 263.405 as to each
of the five predicate grounds found by the district court, we would conclude, based upon a review
of the entire record, the evidence was legally and factually sufficient to support termination. 
See In re J.F.C., 96 S.W.3d at 266. As to the constructive abandonment ground in subsection (N)
of section 160.001(1), the Department's reports showed and the caseworker Owens testified that
Gamez failed to provide contact information to the Department at any time and the Department
continually tried to locate and provide services to Gamez during the pendency of the case. Owens
also opined that Gamez could not take care of M.M.G. Angelita testified that Gamez's last contact
with M.M.G. was in August 2007. The evidence also showed that Gamez remained with her
husband in a physically violent relationship. This evidence was not controverted and would produce
a firm belief or conviction as to the truth of the Department's allegation that Gamez constructively
abandoned M.M.G. See Tex. Fam. Code Ann. § 161.001(1)(N); In re J.F.C., 96 S.W.3d at 266. 

 Similarly, the evidence concerning the Department's other predicate grounds for
termination and that termination of Gamez's parental rights was in the best interest of M.M.G. was
largely uncontroverted and would produce a firm belief or conviction as to the truth of the
district court's corresponding findings. See Tex. Fam. Code Ann. § 161.001(1)(D), (E), (F), (O), (2);
In re J.F.C., 96 S.W.3d at 266; Holley v. Adams, 544 S.W.2d 367, 372 (Tex. 1976) (listing factors
courts consider in determining best interest of child, including stability of home, parental abilities,
and the emotional and physical needs of the child). We overrule Gamez's fourth, fifth, sixth,
seventh, and ninth points of error.



Admission of Family Service Plan


 In her eighth point of error, Gamez contends that the district court erred by admitting
the family service plan allegedly signed by Gamez without proper authentication. Gamez did not
raise this complaint in her points on appeal to the district court. For the same reason then that we
may not consider her seventh and ninth points of error, we may not consider this point of error. See
Tex. Fam. Code Ann. § 263.405; In re E.M.C., No. 11-08-00235-CV, 2009 Tex. App. LEXIS 4164,
at *5, 12 (Tex. App.--Eastland June 11, 2009, no pet.) (mem. op.) (parent's evidentiary challenges
not properly preserved because failed to follow requirements of section 263.405 of family code);
In re K.C.B., 280 S.W.3d 888, 893 (Tex. App.--Amarillo 2009, pet. denied) (appellate court could
not consider parent's evidentiary points of error not raised in statement of points on appeal). Gamez
also failed to raise complaint concerning the authenticity of the service plan with the district court. 
See Tex. R. App. P. 33.1. Further, even if we were to consider this point of error, we would
conclude that the district court did not abuse its discretion by taking judicial notice of the content
of its file that included the family service plan. See In re J.P.B., 180 S.W.3d at 575; Downer,
701 S.W.2d at 241-42. We overrule Gamez's eighth point of error.


CONCLUSION


 For these reasons, we affirm the district court's order of termination. 


 



 __________________________________________

 Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed 

Filed: December 1, 2009

1. The biological father of M.M.G. is Michael Gamez, Gamez's husband. His parental rights
were also terminated in the district court's order. He has not appealed the termination order. 
2. The termination order does not address Gamez's other child. The record shows that her
other child is living with Gamez's mother in California. 
3. We refer to Michael Gamez and his parents, Angelita and Carlos Gamez, by their first
names. 
4. The Department personally served Michael in October 2007 when he was in jail. Michael
also attended a hearing in this case in October 2007.
5. Texas Rule of Civil Procedure 109 provides in relevant part:


 When a party to a suit . . . shall make oath that the residence of any party defendant
is unknown to affiant, . . . or that such defendant is a transient person, and that after
due diligence such party and the affiant have been unable to locate the whereabouts
of such defendant, . . . the clerk shall issue citation for such defendant for service by
publication. In such cases it shall be the duty of the court trying the case to inquire
into the sufficiency of the diligence exercised in attempting to ascertain the residence
or whereabouts of the defendant . . . before granting any judgment on such service.


Tex. R. Civ. P. 109.
6. The record shows that Gamez had contact with her attorney and knowledge of the
Department's petition to terminate her parental rights. According to the report filed by the
Department with the district court in November 2008, the Department was advised by her attorney
that Gamez planned to sign an affidavit of relinquishment. The record also shows that Gamez had
contact with the Department prior to and on the day M.M.G. was removed from her and when she
signed the Department's family service plan and submitted to a drug test. At the time of trial,
however, Gamez's whereabouts were unknown, and her attorney filed an affidavit of due diligence
with the district court in April 2009. She averred that a member of her staff had attempted to locate
Gamez by telephone searches without success, other efforts were unsuccessful, and she had "no other
means to find out where she is." 
7. The record shows that the Department mailed a copy of its report in August 2008 to Gamez
at the Lubbock address and a copy to her attorney. 
8. Gamez did not raise subsection (O) of section 161.001 in her motion for new trial or
statement of points on appeal. Although she did not raise subsection (N) in her statement of points
on appeal, she references the substance of subsection (N) in her motion for new trial but identifies
it as a complaint under subsection (E). Even if we were to conclude that Gamez preserved her
complaint as to subsection (N) by raising its substance in her motion for new trial, the unchallenged
finding concerning subsection (O) alone is sufficient to support the district court's order terminating
Gamez's parental rights. See In re A.V., 113 S.W.3d 355, 362 (Tex. 2003).