# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-16-00114-CV

Jerry Hofrock, Appellant

v.

Nationstar Mortgage, LLC; Federal National Mortgage Association (Fannie Mae); and
Jonathan Kantor, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT
### NO. D-1-GN-15-000128, HONORABLE ORLINDA NARANJO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Jerry Hofrock, proceeding pro se, appeals from the trial court's final order granting appellees' traditional and no-evidence motion for summary judgment on Hofrock's petition for bill of review. Hofrock's petition for bill of review sought to void the trial court's "Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale" from an expedited foreclosure proceeding in the trial court's cause number D-1-GN-11-001674, which proceeding was brought by appellee Nationstar Mortgage, LLC, pursuant to Texas Rule of Civil Procedure 736. *See* Tex. R. Civ. P. 736 (eff. Apr. 15, 2000).[1] Because we conclude that the trial court did not err when it granted summary judgment, we affirm.

---

[1] Unless otherwise stated, we cite and apply the version of Texas Rule of Civil Procedure 736 as it existed in 2011 in our analysis of this appeal.

## BACKGROUND[2]

In 2007, Hofrock signed a home-equity note and security instrument on property located in Travis County. Hofrock defaulted under the terms of the note and security instrument, and Nationstar, as the assignee of the deed of trust, filed an application for expedited foreclosure in 2011 pursuant to Texas Rule of Civil Procedure 736. *See id.* The expedited foreclosure proceeding was assigned cause number D-1-GN-11-001674, and the trial court ultimately entered the order that is the subject of Hofrock's petition for bill of review—"the Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale" (the Order to Proceed)—in August 2011. Nationstar thereafter sold the property to appellee Federal National Mortgage Association (Fannie Mae) at a foreclosure sale, and, after evicting Hofrock, Fannie Mae then sold the property to appellee Jonathan Kantor.

Hofrock filed his petition for bill of review in January 2015, primarily challenging the Order to Proceed based on his allegation that he was not properly served in the expedited foreclosure proceeding. Appellees answered and filed a traditional and no-evidence motion for summary judgment. They sought traditional summary judgment on multiple grounds, including that: (i) Hofrock's petition for bill of review was barred by res judicata; (ii) the petition for bill of review was not proper; and (iii) Hofrock's claims were "baseless and otherwise refuted by summary judgment evidence." Appellees' summary judgment evidence included copies of pleadings from the expedited foreclosure proceeding and several other related lawsuits.

---

[2] Because the parties are familiar with the facts of the case and its procedural history, we do not recite them in this opinion except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* Tex. R. App. P. 47.1, 47.4.

Hofrock filed a response to appellees' motion, urging that he met the criteria for a bill of review. *See Katy Venture, Ltd. v. Cremona Bistro Corp.*, 469 S.W.3d 160, 164 (Tex. 2015) (per curiam) (describing required elements of bill of review); *Caldwell v. Barnes*, 154 S.W.3d 93, 96 (Tex. 2004) (per curiam) (same). He primarily argued that the Order to Proceed was void because he was never properly served with citation pursuant to Texas Rule of Civil Procedure 99, *see* Tex. R. Civ. P. 99 (addressing issuance and form of citation), and, thus, that the trial court in the expedited foreclosure proceeding did not have jurisdiction to enter the Order to Proceed. His summary judgment evidence included copies of pleadings from the 2011 expedited foreclosure proceeding and copies of discovery.

Following a hearing, the trial court signed the final order granting appellees' traditional and no-evidence motion for summary judgment without specifying the grounds for its ruling. Hofrock filed a motion for new trial, which was overruled by operation of law. This appeal followed.

**ANALYSIS**

Hofrock brings three issues challenging the trial court's summary judgment in favor of appellees on his petition for bill of review.[3] He argues that (i) no citation was ever issued or served on him "as required by law" in the expedited foreclosure proceeding, (ii) the trial court did not have jurisdiction in that proceeding to issue the Order to Proceed, and (iii) the trial court in this

---

[3] On the same day that the trial court signed its final order granting summary judgment, the trial court also signed an order granting the motion for sanctions and request for pre-filing injunction that was filed by appellees Nationstar and Federal National Mortgage Association (Fannie Mae). Hofrock has not appealed from the order granting sanctions and pre-filing injunctive relief.

case erred because "there were material facts in dispute, namely, was he ever served with citation" in the expedited foreclosure proceeding.

*Bill of Review Requirements and Standards of Review*

"A bill of review is an equitable proceeding, brought by a party seeking to set aside a prior judgment that is no longer subject to challenge by a motion for new trial or direct appeal." *Katy Venture*, 469 S.W.3d at 164. Traditionally, a bill of review requires proof of three elements: (1) a meritorious defense to the underlying cause of action, (2) which the plaintiff was prevented from making by the fraud, accident or wrongful act of the opposing party or official mistake, (3) unmixed with any fault or negligence by the movant. *Id.*; *Caldwell*, 154 S.W.3d at 96. However, a bill of review plaintiff claiming no service is relieved of the obligation to prove the first two elements because a judgment rendered without service is constitutionally infirm. *Peralta v. Heights Med. Ctr., Inc.*, 485 U.S. 80, 84–85 (1988); *Katy Venture*, 469 S.W.3d at 164; *Caldwell*, 154 S.W.3d at 96–97. We generally review a trial court's denial of a bill of review for an abuse of discretion. *Morris v. O'Neal*, 464 S.W.3d 801, 806 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

This appeal, however, is from a summary judgment ruling, which we review de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). To prevail on a traditional summary judgment motion, the movant must demonstrate that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *Knott*, 128 S.W.3d at 215–16. "When the trial court does not specify the grounds for its ruling," as is the case here, "a summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious." *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013) (citing *State*

4

*v. Ninety Thousand Two Hundred Thirty-Five Dollars & No Cents in U.S. Currency ($90,235)*, 390 S.W.3d 289, 292 (Tex. 2013)).

*Service in the Expedited Foreclosure Proceeding*

The focus of Hofrock's issues is a challenge to Nationstar's service on him in the 2011 expedited foreclosure proceeding. He contends that the Order to Proceed is void because no citation was entered or served on him in the expedited foreclosure proceeding that complied with Texas Rule of Civil Procedure 99, *see* Tex. R. Civ. P. 99, and further argues that there are material facts in dispute as to whether he was served in the expedited foreclosure proceeding, which precluded summary judgment in favor of appellees.

Texas Rule of Civil Procedure 736, however, addresses the procedures for obtaining a court order to allow the foreclosure of a home equity loan and provides its own requirements for service. *See* Tex. R. Civ. P. 736(2) (addressing service and form of notice), 736(7) ("The only issue to be determined under Rule 736 shall be the right of the applicant to obtain an order to proceed with foreclosure under the security instrument and Tex. Prop. Code § 51.002."); *see also* Tex. Const. art. XVI, § 50(a)(6) (addressing home-equity-loan exception to Texas Constitution's protection from forced sales of homesteads for payment of debts), 50(r) (directing Texas Supreme Court to "promulgate rules of civil procedure for expedited foreclosure proceedings related to the foreclosure of liens under Subsection (a)(6) of this section"); Tex. Prop. Code § 51.002 (addressing sale of real property under contract lien). As it existed in 2011, Rule 736 required service of the application and notice "by delivery of a copy to the party to be served by certified and first class mail addressed to each party who, according to the records of the holder of the debt [was] obligated to pay the debt.

Service [was] complete upon the deposit of the application and notice, enclosed in a postage prepaid and properly addressed wrapper, in a post office or official depository under the care and custody of the United State Postal Service."[4]  *See* Tex. R. Civ. P. 736(2)(A) (addressing service of notice and application).  Rule 736(2)(C) also specified the required form of the notice by providing a template and stating that notice was "sufficient if it [was] in substantially" the same form as the template.  *See id.* R. 736(2)(C) (providing form of notice).

Hofrock does not dispute and the record reflects that Nationstar mailed the notice and its application for expedited foreclosure pursuant to Rule 736 to Hofrock by certified and first class mail.  The summary judgment evidence included the certificate of service in which Nationstar's counsel certified that a copy of the notice and application were sent via certified and regular mail to Hofrock.  *See id.* R. 736(2)(B) ("The certificate of service shall be prima facie evidence of the fact of service.").  The record also conclusively establishes that Hofrock actually received the notice and application.  Among other summary judgment evidence was a letter dated August 24, 2011, that was signed by Hofrock and addressed to and filed in the trial court on August 25, 2011.  In the letter, Hofrock identified the address of the property, referred to the expedited foreclosure proceeding by the trial court's cause number in the subject line of the letter, and stated in the body of the letter that he "just received notice of this today and am responding" and "contest[ed] any Default Judgment

---

[4] Although not relevant to this appeal, the service provision of Rule 736 as it existed in 2011 also required an additional copy of the application and notice to be sent to the respondent's attorney when the respondent was represented by an attorney and the applicant's attorney had knowledge of the attorney's name and address.  *See* Tex. R. Civ. P. 736(2)(A) (eff. Apr. 15, 2000).  The current version of the rule directs the clerk of the court to issue and serve citation in an expedited foreclosure proceeding.  *See* Tex. R. Civ. P. 736.3 (eff. Jan. 1, 2012) (addressing issuance of citation).

6

in this matter." At the time that he filed this letter, there was a motion for default judgment pending before the trial court. Nationstar had filed the motion for default judgment on August 22, 2011, and the certificate of service to this motion certified that a copy of the motion was sent to Hofrock. In his letter that was filed with the trial court on August 25, 2011, Hofrock also referred to and attached a letter dated August 8, 2011, that was signed by Hofrock and addressed to Nationstar's counsel. In that letter, Hofrock identified the address of the property and stated that he was "responding to a letter demanding a response today." As to the form of Nationstar's notice, the summary evidence also included a copy of the notice. Based on our review of Nationstar's notice, we conclude that it substantially followed the template for the form of notice provided in Rule 736. *See id*. R. 736(2)(C). Thus, we conclude that Nationstar properly served Hofrock with notice of the expedited foreclosure proceeding pursuant to Rule 736.

Further, even if we were to conclude that Hofrock was not properly served with notice in the expedited foreclosure proceeding, we would conclude that the trial court did not err in granting summary judgment in favor of appellees. When a party files an answer, the answer "constitute[s] an appearance of the defendant so as to dispense with the necessity for the issuance or service of citation upon him." Tex. R. Civ. P. 121. Here, the record reflects that Hofrock appeared in the expedited foreclosure proceeding by filing an answer—his letter dated August 24, 2011, signed by him and addressed to the trial court, that referred to the expedited foreclosure proceeding by its assigned cause number, "contest[ed] any Default Judgment in this matter," and attached Hofrock's letter dated August 8, 2011, signed by him and addressed to Nationstar's counsel—prior to the trial court's entry of the Order to Proceed. *See Owusu v. Citibank (S. Dakota), N.A.*,

7

No. 05-10-00175-CV, 2011 Tex. App. LEXIS 4800, at *5–6 (Tex. App.—Dallas June 22, 2011, no pet.) (mem. op.) (concluding that pro se letter that "bore his name, address, and signature" and referred to parties and trial court's cause number was properly treated as answer when filed with trial court and, based on this conclusion, overruling appellant's issue contending that he did not receive service of citation). Thus, Hofrock waived any complaints about service by making an appearance in the expedited foreclosure proceeding. *See id.*; *see also* Tex. R. Civ. P. 121; *Phillips v. Dallas Cty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied) ("[F]iling an answer waives any complaints about service.").

We also observe that appellees raised other independent grounds for summary judgment in their motion, including that a petition for bill of review was not an available avenue for Hofrock to challenge the Order to Proceed that was granted pursuant to Rule 736. Rule 736(8)(A) provided that "[t]he granting or denial of the application [was] not an appealable order." *See* Tex. R. Civ. P. 736(8)(A).[5] Rather, the rule allowed the filing of a separate suit. *See id.* R. 736(9) ("The granting of an application under these rules shall be without prejudice to the right of the respondent to seek relief at law or in equity in any court of competent jurisdiction."); *see also McLane v. Washington Mut. Bank*, No. 02-07-00460-CV, 2008 Tex. App. LEXIS 5360, at *2 (Tex. App.—Fort Worth July 17, 2008, no pet.) (mem. op.) (per curiam) (concluding that appellant could not circumvent prohibition of appeal in Rule 736 by challenging denial of motion for new trial

---

[5] The current version of Rule 736 expressly precludes a challenge to an order granting an application for expedited foreclosure by bill of review. *See* Tex. R. Civ. P. 736.8(c) ("An order granting or denying the application is not subject to a motion for rehearing, new trial, bill of review, or appeal. Any challenge to a Rule 736 order must be made in a suit filed in a separate, independent, original proceeding in a court of competent jurisdiction.").

instead of order granting foreclosure application and dismissing appeal for want of jurisdiction). This independent ground standing alone was sufficient to support the trial court's summary judgment ruling. Thus, we need go no further in our analysis in this appeal. *See Merriman*, 407 S.W.3d at 248 (requiring summary judgment to be affirmed "if any of the grounds on which judgment is sought are meritorious").

## CONCLUSION

For these reasons, we overrule Hofrock's issues and affirm the trial court's final order granting appellees' traditional and no-evidence motion for summary judgment on Hofrock's petition for bill of review.

_____

Melissa Goodwin, Justice

Before Chief Justice Rose, Justices Goodwin and Bourland

Affirmed

Filed: November 22, 2016

9