**Reversed and Remanded and Opinion Filed December 9, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-24-00349-CV**

**RENEE ABEL, Appellant**
**V.**
**LISA MORGAN F/K/A LISA W. GUICHET, Appellee**

**On Appeal from the County Court at Law No. 1**
**Dallas County, Texas**
**Trial Court Cause No. CC-20-04663-A**

## MEMORANDUM OPINION

Before Justices Partida-Kipness, Carlyle, and Garcia
Opinion by Justice Partida-Kipness

Appellant Renee Abel appeals the trial court's dismissal of her case. In two issues, Abel asserts the trial court erred by: (1) sua sponte dismissing the case for want of jurisdiction; and (2) dismissing the case without providing prior notice or an opportunity to cure any jurisdictional defects. We sustain Abel's first issue, reverse the trial court's judgment, and remand for further proceedings.

## BACKGROUND

In June 2020, Abel and Appellee Lisa Morgan entered a Purchase Agreement and a Company Agreement for the purchase and operation of a prosthetics company,

AmeriStep Prosthetics, LLC (AmeriStep). Abel acted as AmeriStep's CEO, with Morgan acting as CFO. The relationship quickly soured, and Abel alleged Morgan usurped Abel's authority over AmeriStep and took a number of ultra vires actions. Abel demanded Morgan cease from these actions and initiated the wind-up process for the company. Abel also terminated Morgan's position and expelled her as a member of the LLC.

Abel filed this suit on October 22, 2020, asserting breach of the Purchase Agreement and Company Agreement, common-law fraud, and statutory fraud. Abel sought monetary relief over $200,000 but not more than $1,000,000. Abel also sought appointment of a receiver or liquidator for AmeriStep. Morgan was personally served with citation and filed an answer and counterclaims.[1]

On September 12, 2022, the trial court dismissed the case for want of prosecution and failure to follow a court order. Upon Abel's motion, the court reinstated the case on October 17, 2022. The case was ordered to mediation, which took place on November 27, 2023. However, Morgan apparently failed to attend. Then, on February 26, 2024, and without prior notice, the trial court dismissed the case for want of jurisdiction. Abel timely appealed.

---

[1] Morgan's trial counsel withdrew on August 10, 2021, and Morgan has since proceeded pro se. However, she did not file a brief in this appeal.

**STANDARD OF REVIEW**

Whether a trial court has subject-matter jurisdiction is a question of law we review de novo. *Texas Nat. Res. Conservation Comm'n v. IT–Davy*, 74 S.W.3d 849, 855 (Tex. 2002). In determining whether jurisdiction exists, we look not to the merits of the pleader's claims, but to the allegations in the pleadings. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002). We "construe the pleadings in favor of the plaintiff and look to the pleader's intent." *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993).

**ANALYSIS**

Abel raises two issues on appeal, asserting the trial court erred by: (1) sua sponte dismissing the case for want of jurisdiction; and (2) dismissing the case without providing prior notice or an opportunity to cure any jurisdictional defects. We begin by addressing the jurisdictional question.

**I.    The Trial Court Erred by Dismissing the Case for Want of Jurisdiction**

**A.    Jurisdiction – Dallas County Courts at Law**

Dallas County courts at law have concurrent jurisdiction with Dallas County district courts in civil cases, regardless of the amount in controversy. TEX. GOV'T CODE § 25.0592. In turn, Texas district courts are courts of general jurisdiction. *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000). Our constitution provides that the jurisdiction of a district court "consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where

exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." TEX. CONST. art. V, § 8. By statute, district courts have "the jurisdiction provided by Article V, Section 8, of the Texas Constitution," and "may hear and determine any cause that is cognizable by courts of law or equity and may grant any relief that could be granted by either courts of law or equity." TEX. GOV'T CODE §§ 24.007-.008. And, for district courts, the minimum amount in controversy must exceed $500, exclusive of interest. *Id.* § 24.007. As a court of general jurisdiction, the presumption is the district court has subject matter jurisdiction unless a showing can be made to the contrary. *Dubai Petroleum*, 12 S.W.3d at 75. Thus, all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere. *Id.*

The district court has subject-matter jurisdiction to determine breach of contract and fraud claims. *Haynes v. Hawkes*, No. 05-17-00304-CV, 2018 WL 3134884, at *4 (Tex. App.—Dallas June 27, 2018, no pet.) (mem. op.) (citing *Dubai Petroleum*, 12 S.W.3d at 75); *Lewis v. Foxworth*, No. 05-06-00452-CV, 2007 WL 499649, at *2 (Tex. App.—Dallas Feb. 16, 2007, no pet.) (mem. op.).

### B.    Application

Here, without prior notice to the parties, the trial court dismissed the case without prejudice. The court's order of dismissal states:

> Pursuant to the Texas Rules of Civil Procedure and Dallas Civil court rules, this case is hereby dismissed for the following reason(s):

(x) Dismiss for Want of Jurisdiction

However, we do not perceive anything in the record or rules to indicate the trial court lacked jurisdiction. The trial court is a Dallas County court at law. Accordingly, it has concurrent jurisdiction with Dallas County district courts in civil cases, regardless of the amount in controversy. TEX. GOV'T CODE § 25.0592. The amount in controversy pleaded by Abel exceeds $500, and the claims asserted are civil claims for breach of contract, common-law fraud, and statutory fraud. As a court of general jurisdiction, the county court at law had jurisdiction over Abel's claims. *See Dubai Petroleum*, 12 S.W.3d at 75; *Haynes*, 2018 WL 3134884, at *4; *Lewis*, 2007 WL 499649, at *2. None of these claims are subject to the exclusive jurisdiction of any other court, tribunal, or administrative body.

Furthermore, Morgan was personally served with the suit and appeared by filing an answer and counterclaims. Therefore, the trial court acquired personal jurisdiction over Morgan. *See Page v. De La Cruz*, No. 05-22-00020-CV, 2023 WL 5123751, at *4 (Tex. App.—Dallas Aug. 10, 2023, no pet.) (mem. op.) (party waives the absence of personal jurisdiction by making a general appearance in the case or by failing to timely object to the court's jurisdiction, and the filing of an answer constitutes a general appearance) (citing *Phillips v. Dallas Cnty. Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied)).[2]

---

[2] We note that in her answer, Morgan pleaded Abel lacked standing because she voluntarily withdrew from AmeriStep. Standing is a component of subject-matter jurisdiction. *Heckman v. Williamson*

We perceive nothing in Abel's pleadings (or the record) depriving the trial court of jurisdiction. Accordingly, we conclude the trial court had jurisdiction over Abel's case. The trial court erred in dismissing the case for want of jurisdiction. We sustain Abel's first issue.

## II.    Failure of Notice

In her second issue, Abel complains of the trial court's dismissal of her suit without prior notice and an opportunity to cure any jurisdictional defect. We need not address this issue, given our disposition of Abel's first issue. *See* TEX. R. APP. P. 47.1.

## CONCLUSION

The trial court erred in dismissing Abel's suit for want of jurisdiction. We reverse the trial court's judgment and remand for further proceedings consistent with our opinion and judgment.

240349f.p05

/Robbie Partida-Kipness/
ROBBIE PARTIDA-KIPNESS
JUSTICE

---

*Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). However, Morgan did not file a plea to the jurisdiction or otherwise move for dismissal based on the alleged lack of standing. Furthermore, the record reflects Abel brought contract claims based on breach of the Purchase Agreement, a document Abel signed in her individual capacity and as the manager of AmeriStep. And, even if Abel's withdrawal from AmeriStep is factually true, any dispute over whether a claim belongs to Abel is a dispute over capacity, not constitutional standing. *See Moser, Tr. of Est. of Mason v. Dillon Invs.*, LLC, 649 S.W.3d 259, 270 (Tex. App.—Dallas 2022, no pet.) (citing *Pike v. Texas EMC Management, LLC*, 610 S.W.3d 763 (Tex. 2020)).



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RENEE ABEL, Appellant

No. 05-24-00349-CV     V.

LISA MORGAN F/K/A LISA W. GUICHET, Appellee

On Appeal from the County Court at Law No. 1, Dallas County, Texas
Trial Court Cause No. CC-20-04663-A.
Opinion delivered by Justice Partida-Kipness. Justices Carlyle and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** and this cause is **REMANDED** to the trial court for further proceedings consistent with this opinion.

It is **ORDERED** that appellant RENEE ABEL recover her costs of this appeal from appellee LISA MORGAN F/K/A LISA W. GUICHET.

Judgment entered this 9th day of December, 2024.