# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-09-00190-CV

**Pauline Gamez, Appellant**

**v.**

**Texas Department of Family and Protective Services, Appellee**

**FROM THE DISTRICT COURT OF TOM GREEN COUNTY, 119TH JUDICIAL DISTRICT
NO. B-07-0193-CPS, HONORABLE JAY K. WEATHERBY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In this accelerated appeal, Pauline Gamez appeals the district court's order terminating her parental rights to her biological child, M.M.G., following a trial to the court. *See* Tex. Fam. Code Ann. § 161.001 (West Supp. 2009). In nine points of error, Gamez challenges the service of citation upon her, contends the evidence was legally and factually insufficient to support the district court's five predicate grounds for termination of her parental rights, and urges the district court erred by admitting a family service plan without proper authentication. For the reasons that follow, we affirm the district court's order terminating her parental rights.[1]

---

[1] The biological father of M.M.G. is Michael Gamez, Gamez's husband. His parental rights were also terminated in the district court's order. He has not appealed the termination order.

## BACKGROUND

From March to June 2007, the Texas Department of Family and Protective Services investigated allegations of domestic violence between Pauline and Michael Gamez and neglectful supervision of M.M.G. and another child.[2] The Department closed its investigation in June due to the family moving to California. The investigation was given a disposition of "Reason to Believe for Physical Abuse" and "Neglectful Supervision" with the Department verifying a history of domestic violence to which M.M.G. was exposed.

The Department renewed its investigation after it received a report on July 20, 2007, that Gamez had arrived unannounced at the home of Angelita and Carlos Gamez, M.M.G.'s paternal grandparents, in San Angelo.[3] A caseworker for the Department visited with Gamez, Angelita, Carlos, and M.M.G. on July 24, 2007, at their home. Angelita told the caseworker that she believed that Michael was living in a hotel in Dallas and she expressed safety concerns for Gamez and M.M.G. if they reunited with Michael based upon his past violent behavior. She stated that Gamez and Michael had moved "multiple times" and engaged in physical fights over the past two years and that her son had "beaten" Gamez up in the past. After the Department was notified on August 8, 2007, that Gamez was at the bus station and had purchased bus tickets for herself and M.M.G. to return to Dallas to be with Michael, the Department filed its original petition for

---

[2] The termination order does not address Gamez's other child. The record shows that her other child is living with Gamez's mother in California.

[3] We refer to Michael Gamez and his parents, Angelita and Carlos Gamez, by their first names.

protection of a child in an emergency, for conservatorship, and for termination in suit affecting the parent-child relationship with a supporting affidavit from the investigating caseworker.

The district court granted the emergency order to remove M.M.G. and named the Department the temporary sole managing conservator of M.M.G. The caseworker removed M.M.G. from Gamez at the bus station and asked Gamez to provide an address or contact information as soon as she had one in Dallas. Gamez went to Dallas, but she failed to provide contact information to the caseworker. The Department placed M.M.G. with Angelita and Carlos and, shortly thereafter, obtained an order for substituted service and served Gamez by publication in August 2007 in Tom Green County. The Department obtained an additional order for substituted service and served Gamez by publication in Dallas County in November 2007.

The Department did not personally serve Gamez, and she did not attend any hearing in this case.[4] The district court appointed separate attorneys ad litem to represent Michael and Gamez in February 2008. Gamez's attorney filed an answer in March 2008, entering a general denial of the Department's allegations. Her attorney appeared at all hearings after being appointed, including the trial on the merits in February 2009. At the trial, the attorney announced "ready."

Angelita Gamez and Laura Owens, a caseworker for the Department, testified at the trial, and the district court took judicial notice of the content of its file on the case. Angelita testified that she and her husband planned to adopt M.M.G. if the parents' rights were terminated and that she knew of no other relatives who were interested in caring for M.M.G. She testified concerning

---

[4] The Department personally served Michael in October 2007 when he was in jail. Michael also attended a hearing in this case in October 2007.

3

M.M.G.'s care and well-being both before and after M.M.G.'s removal from her parents and to the parents' history of domestic violence. She testified that her home and telephone number had stayed the same and that her son had called eight or nine times during the pendency of the case to check on M.M.G., but that he had not spoken to M.M.G. or had any other contact with M.M.G. or with her. She testified that she spoke with Gamez once during the pendency of the case and that Gamez told her that she was looking for Michael and staying in a homeless shelter. Except for an address and telephone number in Lubbock that Michael gave to her in May 2008, Angelita testified that she did not have an address or contact information for her son or Gamez.

Owens, who was assigned to the case beginning in May 2008, testified concerning the Department's recommendation that the parents' rights be terminated so that Angelita and Carlos could adopt M.M.G. Owens testified to the Department's efforts to locate the parents, including obtaining the address for them in Lubbock in May or early June 2008. She testified that she spoke with Michael by telephone once in July and once in August 2008 but that she did not speak with Gamez at any time. When she spoke to Michael, he told her that he and Gamez were living in an apartment in Lubbock and that Gamez was working at a Big Lots store. Owens arranged for a courtesy caseworker in Lubbock. The caseworker mailed Gamez and Michael information of service providers in the Lubbock area and attempted to contact them at their apartment, but the caseworker's efforts were unsuccessful. The caseworker discovered in October 2008 that Gamez and Michael had moved from the apartment without leaving a forwarding address. From October 2008 forward, their whereabouts have remained unknown.

4

The court file included the Department's family service plan allegedly signed by Michael and Gamez in October 2007. The plan set forth court-ordered tasks and services for the parents to undertake and complete. The file also included the periodic permanency and progress reports filed by the Department. The Department's reports show that Gamez and Michael submitted to a random drug test, but that they did not otherwise comply with the Department's family service plan or have any contact with M.M.G. after August 2007.

At the conclusion of the trial, the district court found in the Department's favor and ordered the parents' rights terminated. Gamez filed a motion for new trial, statement of points on appeal, and notice of appeal. The district court thereafter conducted a section 263.405(d) hearing. *See* Tex. Fam. Code Ann. § 263.405(d) (West 2008). The district court denied Gamez's motion for new trial, but found her indigent, her appeal not frivolous, and appointed her new counsel for her appeal. This appeal followed.

**ANALYSIS**

To terminate parental rights, the Department has the burden to prove one of the predicate grounds in section 161.001(1) of the family code and that termination was in the best interest of the child. *See* Tex. Fam. Code Ann. § 161.001(1), (2); *In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003). The district court found five predicate grounds supporting termination. *See* Tex. Fam. Code Ann. § 161.001(1) (D), (E), (F), (N), (O). In her points of error, Gamez does not challenge the district court's finding that termination was in M.M.G.'s best interest, but she urges that the evidence was legally and factually insufficient to support each of the five predicate grounds found by the district court. *See id*. Gamez also contends that the Department's service of citation

5

was defective and that the district court erred in admitting the family service plan that she allegedly signed.

***Standard of Review***

The standard of proof to terminate parental rights is the clear and convincing standard. Tex. Fam. Code Ann. § 161.206(a) (West 2008); *see In re J.F.C.*, 96 S.W.3d 256, 263 (Tex. 2002) (due process requires clear and convincing standard of proof in parent termination cases). The clear and convincing standard is "'that measure or degree of proof which will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established.'" *In re C.H.,* 89 S.W.3d 17, 23 (Tex. 2002) (quoting *State v. Addington*, 588 S.W.2d 569, 570 (Tex. 1979)).

In reviewing the legal sufficiency of the evidence to support a termination finding, "a court should look at all the evidence in the light most favorable to the finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that its finding was true." *In re J.F.C.*, 96 S.W.3d at 266. In reviewing the factual sufficiency of the evidence to support a termination finding, a court "must give due consideration to evidence that the factfinder could reasonably have found to be clear and convincing." *Id*. (citing *In re C.H.*, 89 S.W.3d at 25); *see also In re H.R.M.*, 209 S.W.3d 105, 108 (Tex. 2006) (factual sufficiency standard of review in appeals from termination orders discussed).

We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *See In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion

when it acts without regard to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985).

### Service of Citation

In her first, second, and third points of error, Gamez challenges the Department's service of citation. She contends that: (i) the evidence was legally and factually insufficient to support the district court's finding that the Department exercised sufficient diligence in attempting to ascertain Gamez's whereabouts pursuant to Texas Rule of Civil Procedure 109, (ii) the district court erred by finding that Gamez was properly served with citation and that the district court had jurisdiction over her to terminate her parental rights, and (iii) the district court erred by granting judgment against her without proper service of citation as required under Texas Rule of Civil Procedure 124. *See* Tex. R. Civ. P. 109 (procedure for citation by publication),[5] 124 (judgment shall not be rendered against a defendant unless there has been service, acceptance or waiver of process, or an appearance by the defendant); *see also* Tex. Fam. Code Ann. § 161.107(b) (West 2008) (when parent has not been personally served in suit seeking to terminate, "department must make a

---

[5] Texas Rule of Civil Procedure 109 provides in relevant part:

> When a party to a suit . . . shall make oath that the residence of any party defendant is unknown to affiant, . . . or that such defendant is a transient person, and that after due diligence such party and the affiant have been unable to locate the whereabouts of such defendant, . . . the clerk shall issue citation for such defendant for service by publication. In such cases it shall be the duty of the court trying the case to inquire into the sufficiency of the diligence exercised in attempting to ascertain the residence or whereabouts of the defendant . . . before granting any judgment on such service.

Tex. R. Civ. P. 109.

diligent effort to locate that parent"). Gamez's primary complaint is that the Department had her apartment address in Lubbock from June to October 2008 but did not attempt to personally serve her at that time.

The Department obtained two court orders authorizing substituted service and served Gamez with citation by publication in Tom Green County in August 2007 and in Dallas County in November 2007. *See* Tex. R. Civ. P. 109; *see also* Tex. Fam. Code Ann. § 102.010 (West 2008) (authorizing citation by publication in suits affecting parent-child relationships as in other civil cases). The Department supported its motion for substituted service by an affidavit dated August 9, 2007, from the Department's caseworker at the time. The caseworker averred:

> At the time I removed the child from her possession, Ms. Gamez indicated to me that she was getting on the bus and would be returning to her husband Michael Gamez today, but she could not or would not give any locating information for herself or her husband when she arrived in Dallas. I requested that she call and provide me with locating information when she does get to Dallas. She stated that once she arrived and checked into a hotel in Dallas, she would call me with the locate [sic] and contact information. However, at the time of the writing of this Affidavit, the Department has had no further contact with Pauline Gamez.
>
> The Department believes that Pauline Gamez may be living somewhere in Dallas, Texas, or is a transient at this time, and her exact whereabouts are unknown. The Department will continue its efforts to locate Pauline Gamez for personal service of citation, but until she is located, substituted citation by publication through posting will be required.

In the Department's report filed in January 2008, the Department stated that Gamez's location remained unknown despite its efforts to locate her. The Department stated that it had attempted to contact Gamez's mother in California but there was never an answer and that Michael had not provided any information relevant to locate Gamez.

8

The district court appointed an attorney ad litem for Gamez in February 2008 pursuant to section 107.013 of the family code. *See* Tex. Fam. Code Ann. § 107.013 (West Supp. 2009) (district court shall appoint attorney ad litem for parents served with citation by publication). The attorney ad litem filed an answer in March 2008, generally denying the Department's allegations in the petition for termination. In the Department's reports filed with the district court after the attorney ad litem filed the answer, the Department states that all parties have been served.

The Department contends that Gamez waived any complaint that service was defective when her attorney ad litem filed an answer. *See* Tex. R. Civ. P. 121. Rule 121 provides that "[a]n answer shall constitute an appearance of the defendant so as to dispense with the necessity for the issuance or service upon him." *See id.*; *In re B.P.*, No. 04-07-00695-CV, 2008 Tex. App. LEXIS 2295, at *2-5 (Tex. App.—San Antonio April 2, 2008, no pet.) (mem. op.) (attorney ad litem appointed by the court to represent appellant, "whose whereabouts have always been unknown," waived any complaint that requirements of Texas Rule of Civil Procedure 109 were not satisfied when the attorney filed an answer generally denying the allegations in the petition for termination; appellant served by substituted service by posting); *Phillips v. Dallas County Child Protective Servs. Unit*, 197 S.W.3d 862, 865 (Tex. App.—Dallas 2006, pet. denied) (attorney ad litem appointed by court to represent appellant waived any complaints about defective service by filing answer generally denying the allegations in the petition for termination).

Although it is not clear from the record the extent of contact between Gamez and her appointed attorney, Gamez's attorney attended each hearing after her appointment and prior to the

9

trial without raising complaint as to service on her client.[6] At trial, she announced "ready." The attorney first raised any complaint about service in Gamez's motion for new trial. On this record, we conclude that Gamez waived her complaints about service. *See In Re B.P.*, 2008 Tex. App. LEXIS 2295, at *2-5; *Phillips*, 197 S.W.3d at 865.

Moreover, even if Gamez preserved her complaints about service, the Department presented an affidavit in accordance with rule 109 of the rules of civil procedure with its motions for substituted service that was not controverted by Gamez. *See* Tex. R. Civ. P. 109. The caseworker assigned to the case averred to the Department's efforts to locate Gamez before seeking the orders for substituted service. At trial, Owens testified concerning the Department's efforts to locate Gamez. Angelita also testified that the only contact information her son provided to her was in May 2008 and that Gamez did not provide her any contact information. As to the period of time in 2008 that the Department had an address for Gamez in Lubbock, Gamez's attorney had already filed an answer generally denying the Department's allegations.[7] *See* Tex. R. Civ. P. 121. We overrule Gamez's first, second, and third points of error.

---

[6] The record shows that Gamez had contact with her attorney and knowledge of the Department's petition to terminate her parental rights. According to the report filed by the Department with the district court in November 2008, the Department was advised by her attorney that Gamez planned to sign an affidavit of relinquishment. The record also shows that Gamez had contact with the Department prior to and on the day M.M.G. was removed from her and when she signed the Department's family service plan and submitted to a drug test. At the time of trial, however, Gamez's whereabouts were unknown, and her attorney filed an affidavit of due diligence with the district court in April 2009. She averred that a member of her staff had attempted to locate Gamez by telephone searches without success, other efforts were unsuccessful, and she had "no other means to find out where she is."

[7] The record shows that the Department mailed a copy of its report in August 2008 to Gamez at the Lubbock address and a copy to her attorney.

*Grounds for Termination*

In her fourth, fifth, sixth, seventh, and ninth points of error, Gamez does not challenge the district court's finding that termination was in the best interest of M.M.G.; she challenges the factual and legal sufficiency of the evidence to support the five predicate grounds found by the district court under section 161.001(1) to support termination. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (F), (N), (O); *In re J.F.C.*, 96 S.W.3d at 266.

In its written order terminating Gamez's parental rights, the district court found by clear and convincing evidence:

- Pauline Surita Gamez knowingly placed or knowingly allowed the child, M.M.G., to remain in conditions or surroundings which endangered the physical or emotional well-being of the child, M.M.G., within the meaning of § 161.001(1)(D), Texas Family Code.

- Pauline Surita Gamez engaged in conduct or knowingly placed the child, M.M.G., with persons who engaged in conduct which endangered the physical or emotional well-being of the child, M.M.G., within the meaning of § 161.001(1)(E), Texas Family Code.

- Pauline Surita Gamez failed to support M.M.G. in accordance with the parent's ability during a period of one year ending within six months of the date of the filing of the petition, within the meaning of § 161.001(1)(F), Texas Family Code.

- Pauline Surita Gamez constructively abandoned M.M.G. who has been in the temporary managing conservatorship of the Department for not less than six months and: (1) the Department has made reasonable efforts to return M.M.G. to Pauline Surita Gamez; (2) Pauline Surita Gamez has not regularly visited or maintained significant contact with M.M.G.; and (3) Pauline Surita Gamez has demonstrated an inability to provide M.M.G. with a safe environment, within the meaning of § 161.001(1)(N), Texas Family Code.

- Pauline Surita Gamez failed to comply with the provisions of a court order that specifically established the actions necessary for Pauline Surita Gamez

11

to obtain the return of the child, M.M.G., who has been in the temporary managing conservatorship of the Department for not less than nine months as a result of M.M.G.'s removal from Pauline Surita Gamez under Chapter 262, Texas Family Code, for the abuse or neglect of M.M.G., within the meaning of § 161.001(1)(O), Texas Family Code.

*See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (F), (N), (O). When multiple predicate grounds for termination are alleged under section 161.001(1), only one ground is necessary to support the judgment when there is also a finding that termination is in the child's best interest. *See In re A.V.*, 113 S.W.3d at 362. Because Gamez does not challenge the best interest finding by the district court, we must affirm the order of termination if the evidence was sufficient to support any one of the grounds found by the district court. *See id.*

The Department also contends that Gamez did not preserve her seventh or ninth points of error that challenge the predicate grounds found by the district court based upon subsections (N) and (O) of section 161.001(1) because Gamez failed to raise these challenges in her statement of points on appeal in accordance with section 263.405 of the family code. *See* Tex. Fam. Code Ann. § 263.405.

Section 263.405 sets forth the steps a party must take to appeal a final order terminating parental rights. *See id.* A party must file with the trial court, no later than 15 days after the order is signed, a motion for new trial or, if an appeal is sought, a statement of the points on which the party intends to appeal. *See id* § 263.405(b). Pursuant to section 263.405(i), this Court "may not consider any issue that was not specifically presented to the trial court in a timely filed statement of the points on which the party intends to appeal or in a statement combined with a motion for new trial." *See id.* § 263.405(i); *Camarillo v. Texas Dep't of Family & Protective Servs.*,

No. 03-07-00314-CV, 2008 Tex. App. LEXIS 1131, at *1-2 (Tex. App.—Austin Feb. 15, 2008, pet. denied) (mem. op.) (held that appellate court precluded from considering issues on appeal even though timely filed statement of points on appeal because appellant did not raise issues in statement of points on appeal to the trial court).

Gamez filed a statement of points on appeal with the district court, but she did not challenge the district court's findings based upon subsections (N) and (O) of section 161.001(1) in her statement of points on appeal.[8] Because Gamez failed to follow the procedure set forth in section 263.405 as to her seventh and ninth points of error that challenge the evidence to support the district court's findings on these two grounds, we may not consider these two points of error on appeal. *See* Tex. Fam. Code Ann. § 263.405. The unchallenged findings are sufficient to support the district court's order terminating Gamez's parental rights. *See In re A.V.*, 113 S.W.3d at 362; *see also Toliver v. Texas Dep't of Family & Protective Servs.*, 217 S.W.3d 85, 102 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (parent challenged only one of four statutory grounds found by trial court to support termination "and thus he waives any complaint about the sufficiency of the evidence to support these findings"). We need not address her remaining points of error then concerning the other predicate grounds for termination found by the district court.

---

[8] Gamez did not raise subsection (O) of section 161.001 in her motion for new trial or statement of points on appeal. Although she did not raise subsection (N) in her statement of points on appeal, she references the substance of subsection (N) in her motion for new trial but identifies it as a complaint under subsection (E). Even if we were to conclude that Gamez preserved her complaint as to subsection (N) by raising its substance in her motion for new trial, the unchallenged finding concerning subsection (O) alone is sufficient to support the district court's order terminating Gamez's parental rights. *See In re A.V.*, 113 S.W.3d 355, 362 (Tex. 2003).

13

Moreover, even if Gamez had satisfied the requirements of section 263.405 as to each of the five predicate grounds found by the district court, we would conclude, based upon a review of the entire record, the evidence was legally and factually sufficient to support termination. *See In re J.F.C.*, 96 S.W.3d at 266. As to the constructive abandonment ground in subsection (N) of section 160.001(1), the Department's reports showed and the caseworker Owens testified that Gamez failed to provide contact information to the Department at any time and the Department continually tried to locate and provide services to Gamez during the pendency of the case. Owens also opined that Gamez could not take care of M.M.G. Angelita testified that Gamez's last contact with M.M.G. was in August 2007. The evidence also showed that Gamez remained with her husband in a physically violent relationship. This evidence was not controverted and would produce a firm belief or conviction as to the truth of the Department's allegation that Gamez constructively abandoned M.M.G. *See* Tex. Fam. Code Ann. § 161.001(1)(N); *In re J.F.C.*, 96 S.W.3d at 266.

Similarly, the evidence concerning the Department's other predicate grounds for termination and that termination of Gamez's parental rights was in the best interest of M.M.G. was largely uncontroverted and would produce a firm belief or conviction as to the truth of the district court's corresponding findings. *See* Tex. Fam. Code Ann. § 161.001(1)(D), (E), (F), (O), (2); *In re J.F.C.*, 96 S.W.3d at 266; *Holley v. Adams*, 544 S.W.2d 367, 372 (Tex. 1976) (listing factors courts consider in determining best interest of child, including stability of home, parental abilities, and the emotional and physical needs of the child). We overrule Gamez's fourth, fifth, sixth, seventh, and ninth points of error.

*Admission of Family Service Plan*

In her eighth point of error, Gamez contends that the district court erred by admitting the family service plan allegedly signed by Gamez without proper authentication. Gamez did not raise this complaint in her points on appeal to the district court. For the same reason then that we may not consider her seventh and ninth points of error, we may not consider this point of error. *See* Tex. Fam. Code Ann. § 263.405; *In re E.M.C.*, No. 11-08-00235-CV, 2009 Tex. App. LEXIS 4164, at \*5, 12 (Tex. App.—Eastland June 11, 2009, no pet.) (mem. op.) (parent's evidentiary challenges not properly preserved because failed to follow requirements of section 263.405 of family code); *In re K.C.B.*, 280 S.W.3d 888, 893 (Tex. App.—Amarillo 2009, pet. denied) (appellate court could not consider parent's evidentiary points of error not raised in statement of points on appeal). Gamez also failed to raise complaint concerning the authenticity of the service plan with the district court. *See* Tex. R. App. P. 33.1. Further, even if we were to consider this point of error, we would conclude that the district court did not abuse its discretion by taking judicial notice of the content of its file that included the family service plan. *See In re J.P.B.*, 180 S.W.3d at 575; *Downer*, 701 S.W.2d at 241-42. We overrule Gamez's eighth point of error.

## CONCLUSION

For these reasons, we affirm the district court's order of termination.

_____

Jan P. Patterson, Justice

Before Justices Patterson, Puryear and Pemberton

Affirmed

Filed:   December 1, 2009

16